IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

ATOMIC HILL                                                                                     PLAINTIFF
ADC #110189

V.                                        NO: 2:09CV00144 SWW/HDY

DEBRA HORTON *et al.*                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of
> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the Tucker Maximum Security Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on September 21, 2009, alleging that he received inadequate medical care at the ADC's East Arkansas Regional Unit ("EARU"). Plaintiff named as Defendants nurses Debra Horton and Stormi Sherman; infirmary supervisor Sharon King; nurse assistant Williams; and infirmary grievance officer D. Lundry; all of whom either are, or were at the EARU. On December 17, 2009, Horton and Sherman filed a motion for summary judgment, a statement of facts, and a brief in support (docket entries #38-#40). Plaintiff filed a response, brief in support, and statement of facts, on January 28, 2010 (docket entries #56-#58). Defendant King filed a motion to dismiss, along with a brief in support (docket entries #45-#46), on January 13, 2010. Plaintiff filed a response, and a brief in support on January 28, 2010 (docket entries #54-#55).

### I. Factual background

According to Plaintiff's complaint, he was attacked by another inmate on May 15, 2009,

2

while housed at the EARU. The attacker used a razor blade to cut Plaintiff several times on his arms, with additional minor cuts to his face, chest, and back. After the assault, Plaintiff was taken to the infirmary, where he was initially seen by Horton, who cleaned the wounds with water, and called Sherman to ask her to bring some "Steri-Strips" from the main infirmary.[1] Plaintiff questioned whether he needed sutures and both nurses said they were not needed, because the Steri-Strips served the same purpose, and also contain medicine.

After his treatment, Plaintiff was taken to the shower while his cell was cleaned of blood. While he was in the shower, the left arm wounds continued to bleed. Although Plaintiff complained, he contends that he was not provided further treatment, and he was returned to his cell between 1:15 a.m and 2:10 a.m. Sometime after 5:30 that morning, Plaintiff complained about the bandages, and a guard called for a nurse. Although a nurse Spears came, he was sent away by a different guard. However, Spears later returned with Williams, and Plaintiff was taken to the infirmary, where sutures were placed in his left arm wound by nurse Douglas. Douglas also advised Plaintiff that Horton recommended Plaintiff have a follow-up tetanus shot. Douglas told Plaintiff he would be seen daily, and would have his bandages changed and given strips. Plaintiff alleges that in the days following the incident, Sherman and Horton refused to change the bandages, but that he did receive bandages to apply himself, and they were changed on some occasions by other nurses.

## II. Motion for summary judgment

In their motion for summary judgment, Horton and Sherman assert that Plaintiff cannot demonstrate that they were deliberately indifferent to his serious medical needs, and that they are

---

[1] Steri-Strips are adhesive skin closures that are used in place of sutures, carry less infection potential, and have the advantage of being less invasive. *See* docket entry # 38, exhibit C.

therefore entitled to summary judgment.

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1234. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference,

4

as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Medical records provided by Defendants are largely consistent with the account provided by Plaintiff. Plaintiff was seen on May 15, 2009, after being cut by another inmate. His wounds were cleaned, and Steri-Strips were applied. Approximately three hours later, sutures were applied to Plaintiff's left arm when bleeding there was not controlled. His wounds healed without becoming infected. Horton recommended a tetanus shot, but there was a delay, and Plaintiff did not receive the tetanus shot until June 2, 2009. However, Plaintiff did not contract tetanus.

Plaintiff alleges that he should have been treated immediately with sutures, and with a tetanus shot. Plaintiff also asserts that his bandages should have been changed more frequently. He says that the inconsistent treatment regarding bandage changes led to a delay of a "couple [of] days" in the removal of the sutures (docket entry #58, page #3). However, Plaintiff has provided no medical evidence to suggest that the delays had any detrimental impact on his condition. *See Coleman v. Rahja*, 114 F.3d 778, 784 (8th Cir. 1997) (allegations that a delay in medical care constitutes a constitutional violation must eventually be supported by verifying medical evidence establishing the detrimental effect of the delay). Moreover, Plaintiff's care was reviewed by Joseph E. Hughes, M.D., who concluded that the care Plaintiff received was appropriate (docket entry #38, exhibit A). Plaintiff's care has also been determined to be appropriate by J. Roland Anderson, M.D. (docket entry #38, exhibit C).[2]

---

[2]Plaintiff has asserted that he developed warts after the cuts healed. However, Anderson suggested that the "warts" are likely scar tissue, and not warts. Whatever the case, Plaintiff has failed to identify any medical evidence to suggest that the treatment he was provided, as opposed to

5

No material facts remain in dispute, and Horton and Sherman are entitled to summary judgment. *See Dulaney v. Carnahan*, 132 F.3d 1240 (in the face of medical records indicating that treatment was provided, and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he does not believe he received adequate treatment). Although Plaintiff may disagree with the care he received, his injuries were not ignored, and there is no medical evidence from which it could be found that the actual treatment provided caused him harm or delayed his recovery. As discussed above, a mere disagreement with care is not actionable.

## II. Motion to dismiss

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However,

---

the original injury itself, was responsible for the formation of the warts or scar tissue.

such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

King contends that Plaintiff's claims against her should be dismissed because he has failed to allege facts sufficient to state a claim against her. Plaintiff alleges that he asked two medical staff members to contact King to discuss his complaints. Although King notes that there is no allegation that she was actually notified of any problems, whether or not she was is of no consequence. As discussed above, neither Horton nor Sherman, who actually treated Plaintiff, were deliberately indifferent to a serious medical need. Because Plaintiff's treatment was appropriate, King had no reason to intervene in Horton's or Sherman's care, and she is entitled to dismissal of Plaintiff's claims against her.

### III. Defendants Lundry and Williams

Defendants Lundry and Williams have yet to be served, and are not parties to either pending motion. However, Plaintiff cannot demonstrate deliberate indifference with respect to his medical care. Plaintiff has made clear in his response to King's motion (docket entry #55), that his claim against Lundry and Williams is that he complained to them about his care. As previously discussed, there was no deliberate indifference in his medical care. Because there was no deliberate indifference, Plaintiff cannot maintain an action against Williams and King for their alleged failure to take action based on his complaints.

IT IS THEREFORE RECOMMENDED THAT:

1. The motion for summary judgment filed by Debra Horton and Stormi Sherman (docket entry #38), and the motion to dismiss filed by Sharon King (docket entry #45), be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __2__ day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE